9546

CAROLINA NATIONAL BANK OF COLUMBIA v. SPIGNER, RICHLAND COUNTY TREASURER.

(90 S. E. 748.)

1. TAXATION—EXEMPTIONS—NATIONAL BANK—BONDS OF CITY—STATUTE. —Civ. Code 1912, secs. 341-347, relating to the taxation of banks and their shareholders, make no provision for the taxation of property belonging to banks, except their real estate, and provide that the shares of stock shall be taxed in the manner designated. Act Feb. 14, 1908 (25 St. at Large, p. 1372), authorizing the city council of the city of Columbia to issue coupon bonds, by section 2 exempts them from all county taxes, and by section 3 provides that so much of the capital stock or funds of any bank located within the city as shall be invested in such bonds shall be exempt from county taxation. *Held,* that under section 2 a bank in the city, holding and owning the city bonds, was not entitled to any deduction on the taxes to be paid by its shareholders on account of such bonds, since the property belonging to the bank and the property belonging to the shareholders is separate and distinct; and that, under section 3, no deduction in

the taxes to be paid by the shareholders on account of the bonds owned by the bank was to be allowed.

2. TAXATION—EXEMPTION—CONSTITUTIONAL PROVISIONS.—Section 3 of such act, declaring that so much of the capital stock or funds of any bank located within the city as shall be invested in the city's bonds should be exempt from county taxation, even if construed as extending to the tax to be paid by the shareholders, violated Const., art. X, sec. 1, providing for a uniform and equal rate of assessment and taxation.

Before MOORE, J., Columbia, July, 1915.    Affirmed.

Actions by the Carolina National Bank of Columbia against Prescott B. Spigner, treasurer of Richland county. From a judgment of the Circuit Court, affirming a decree of the Court of Common Pleas for Richland county for the defendants in each case, and dismissing the complaint, the plaintiff appeals.

The decree of the Circuit Court was as follows:

This is an action brought by the plaintiff, the Carolina National Bank of Columbia, against the Treasurer of Richland County for the refunding of certain taxes paid by the plaintiff under protest, which taxes the plaintiff claims to have been wrongfully levied and collected by the said treasurer from the plaintiff.

It appears from the complaint in the within action that the plaintiff bank is the holder and owner of certain city of Columbia bonds to the amount of $100,000, which bonds were issued by and under the authority of an act to authorize the city council of the city of Columbia to issue coupon bonds at a rate of interest not exceeding 4 per cent. per annum, for the purpose of paying or exchanging the 4 per cent. coupon bonds and script of said city, maturing July 1, 1910, which act was approved on the 14th day of February, 1908. Sections 2 and 3 of the act referred to provide as follows:

"Sec. 2. That said bonds shall be exempt from all State, county and municipal (taxation) and the coupons shall be receivable in payment of taxes due the said city.

"Sec. 3. That so much of the (said) capital stock or funds of any bank or banking association, located within the city of Columbia, as is or shall be invested in bonds of this issue, shall be exempt from all State, county, township, municipal or other taxation."

In making the returns required by section 344, Code of Laws 1912, vol. I, the officers making the returns for the shareholders, after showing and including all surplus or extra moneys, capital and every species of personal property of value owned or. in possession of said plaintiff bank, claimed and attempted to deduct from said total amount the amount of nontaxable bonds described in the complaint. The auditor, however, proceeded under section 345 of the Code in making up the assessments required to be made and apportioned among the shareholders, and acted under the instructions of the Comptroller General of South Carolina, and refused to allow any such deduction to the shareholders, and included the said nontaxable bonds.

The plaintiff bank contends that it is entitled for their shareholders to an exemption to the amount of the said bonds by reason of sections 2 and 3 of the act referred to.

The defendant in his answer denies that there has been an excess assessment and valuation against the stock of the said bank or shareholder of the said plaintiff bank; alleges that the assessment was made as required by law, and in the manner prescribed in sections 341 to 347, inclusive. Further answering the complaint, the defendant alleges that the shareholders, as owners of the shares of stock of said plaintiff bank, are not entitled to any exemption by reason of said city of Columbia bonds mentioned and described in the complaint, the bonds having been bought and being now held and owned by the bank, and denies that there should be any exemption or deduction from taxation to the value of the shares of the shareholders by reason of said bonds bought, · held, and owned by the said plaintiff bank; that the bonds mentioned and described in the complaint have not been

assessed for taxation, and no taxes have been levied thereon against the plaintiff bank, no taxes having been assessed and levied against the bank except the taxes upon its real estate as required by law. Further answering the complaint, the defendant alleges that section 3 of the said act, under which the bank claims an exemption, is unconstitutional, null and void, being in contravention of sections 1 and 5 of article X of the Constitution of the State of South Carolina, in that the said section of the said act does not provide for a uniform and equal rate of assessment and taxation.

The manner of taxation of banks and their shareholders is set out in sections 341 to 347 of the Code of 1912, volume I. These sections do not provide for the taxation of any of the property belonging to banks or corporations, save and except the real estate, which is to be assessed and taxed as other real estate. It is provided that the shares of the shareholders shall be taxed, and the manner of arriving at the proper assessment for taxation of such shares is set out in detail. The bonds described in the complaint are held and owned by the plaintiff bank, and not by the shareholders. The property belonging to the banks and the property belonging to the shareholders is entirely separate, independent, and distinct. Of the property belonging to the bank as a corporation, none is taxed but the real estate, all of its personal property being exempt from taxation to the bank.

In the case of *Van Allen* v. *Assessors,* 70 U. S. (3 Wall.) 573, 18 L. Ed. 229, a national bank had its entire capital stock invested in United States bonds which are not subject to State, county, or municipal taxation. The stockholders claimed an exemption on taxation of their shares of stock by reason of the United States bonds owned by the bank. The Court said: "The tax on the shares is not a tax on the capital of the bank. The corporation is the legal owner of all the property of the bank, real and personal; and within the power for which it was created, can deal with the corporate prop-

erty as absolutely as a private individual can deal with his own. This is familiar law, and will be found in every work that may be opened on the subject of corporations. * * * The interest of the shareholder entitles him to participate in the net profits earned by the bank in the employment of its capital, during the existence of its charter, in proportion to the number of his shares; and, upon its dissolution or termination, to his proportion of the property that may remain of the corporation after the payment of its debts. This is a distinct independent interest or property, held by the shareholder like any other property that may belong to him." This case has been affirmed and reaffirmed in a long line of cases cited by counsel for defendant, and it seems that its principles have been adopted in practically all of the jurisdictions except Connecticut and New Jersey. 22 A. & E. Law (2d ed.) 356; 37 Cyc. 289; Cooley on Taxation, vol. I, page 709.

In the case of *Cleveland Trust Co.* v. *Treasurer,* 184 U. S. 111, 22 Supt. Ct. 394, 46 L. Ed. 456, the Court held that a tax on shares is not equivalent to a tax on the property of the corporation, and, therefore, the shareholders are not entitled to have a deduction from the valuation of their shares from the amount of the capital stock to the bank which is invested in United States bonds. The United States bonds are exempted from taxation in practically the same language as is used in section 2 of the act under which the city of Columbia bonds were issued, and from the authorities cited no exemption can be allowed to the shareholders of a bank on these city of Columbia bonds by reason of section 2 of the act under which they were issued.

The plaintiff contends, however, that these bonds are exempt from taxation to the shareholders by reason of section 3 of the said act. The act of 1892 (21 St. at Large, p. 24), under which South Carolina State bonds have been issued, provides that so much of the capital stock or funds of any bank, banking association, or other

corporation of any nature or kind, located within this State, as is or shall be invested in the bonds and stocks, or either of them, the issue of which is provided for in this act, shall be exempt from all State, county, township, municipal, or other taxation.    Section 3 of the act under which the city of Columbia bonds were issued is similar to the section referred to in the State Bond Act, the difference being that the State Bond Act refers to banks and all other corporations, throughout the State of South Carolina, and the City of Columbia Act refers only to banking corporations which are located within the city of Columbia.    The General Assembly of South Carolina, however, realized that section 14 of the act of 1892 did not accomplish the purpose which was probably intended, and was not sufficient to give any exemption to the shareholders of the banks which might purchase the South Carolina bonds issued under the act of 1892. Thereupon there was enacted, in 1893, an act specifically declaring that section 14, referred to, should be held and construed as intending and meaning to exempt these bonds from taxation, so far as the shares of stock in the hands of individual holders as shall be in proportion to the amount of such capital stock so invested and represented by said shares and certificates of stock.    No such language is used in connection with the act under which the city of Columbia bonds have been issued, and the language of the City of Columbia Act is not sufficient, and does not go to the extent of allowing any deduction on the taxes to be paid by the shareholders on accountof the bonds which are held and owned by the bank.    But even if this section of the act could be construed as extending to the tax to be paid by the shareholders, the contention of the defendant as to the unconstitutionality of section 3 is fatal.    Section 1, art. X, of the Constitution, provides for a uniform and equal rate of assessment and taxation.    The General Assembly, in the city of Columbia, attempting to allow this exemption to only a few

banks located within the city of Columbia, only one of the cities of the State, and making such bonds taxable in the hands of the other banks throughout the State, has violated that provision of the Constitution requiring uniformity in assessment and taxation.

It is, therefore, ordered, adjudged, and decreed that the complaint herein be dismissed, with costs.

*Mr. Washington Clark,* for appellant, cites: *As to history of bonds in question:* 12 S. C. 370; — Stats. 1908, p. 1372, secs. 2 and 3. *Constitutionality of act granting exemption:* Const. 1895, art. X, sec. 1. *Power of legislature:* Const. 1895, art. III, sec. 1; Cooley Const. Lim. (7th ed.) 126, 127; 15 N. Y. 532; 27 Vt. 140, 142; 13 N. Y. 378, 391; 19 Wall. 673; Cooley Const. Lim., secs. 87 and 182; 15 S. C. 592; 24 S. C. 68; 16 S. C. 34; 41 S. C. 233; 42 S. C. 298. *Right to grant exemptions:* 3 S. C. 359; 70 S. C. 433; Const., art. X, 1; VIII, 8; 6 Cranch. 128. *Can executive officers question the constitutionality of act granting exemption:* 80 S. C. 131; 16 S. C. 39; 30 S. C. 524; 43 S. C. 15 and 16; 67 S. C. 167; 47 L. R. A. 512; 46 Neb. 62; 19 Utah 18; 120 U. S. 97.

*Mr. C. T. Graydon,* also for appellant, distinguishes 3 Wall. 573: *Power of legislature:* Cooley Const. Lim. (7th ed.) 126, 241; 15 S. C. 532; 27 Vt. 140; 13 N. Y. 378; 15 S. C. 592; 16 S. C. 34; 24 S. C. 68; 41 S. C. 233; 42 S. C. 298.

*Mr. Attorney General Peeples* and *Mr. Fred. H. Dominick,* for respondent, cite: Acts 1892, p. 29; 1893, p. 481; 1912, p. 738; Const. 1895, art X, sec. 5.

*Mr. W. H. Townsend,* also of counsel for respondent.

The Circuit Judges having been called to the assistance of the Supreme Court,

October 14, 1916.

The opinion of the Court *en banc* was delivered by MR. CHIEF JUSTICE GARY.

For the reasons stated by his Honor, the Circuit Judge, and upon the authority of *Bank* v. *Neil,* 106 S. C. 173, 90 S. E. 744, in which the opinion has just been filed, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES HYDRICK, GAGE and FRASER, and CIRCUIT JUDGES PRINCE, MEMMINGER, BOWMAN, SHIPP, SEASE, GARY, WILSON, SMITH and PEURIFOY, concur in the opinion of the Court.

MR. JUSTICE WATTS was disqualified and did not sit in this case.